IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRUBRIDGE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:24-cv-01377** |
| v. | ) | |
| | ) | **JUDGE CAMPBELL** |
| HOUSTON COUNTY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Pending before the Court is a motion to dismiss filed by Defendants Shamrock Community Hospital, Inc. ("Shamrock"), Braden Health, LLC, and Braden Health, Inc. (Doc. No. 51), which is fully briefed. (*See* Doc. Nos. 60, 62). For the reasons stated herein, the motion is **DENIED**.

## BACKGROUND[1]

On July 30, 2022, pursuant to an Asset Purchase Agreement ("APA"), Shamrock purchased certain assets from Houston County Community Hospital (the "Hospital"), including all of its contracts other than those listed as excluded contracts. (Amended Complaint, Doc. No. 40 ¶ 34). Prior to this transaction, the Hospital entered into a service agreement with Plaintiff and continued to enter into various other agreements and service addenda. (*Id*. ¶¶ 12-32). Through these agreements (collectively the "Houston County Agreements"), Plaintiff promised to provide the Hospital with various services. (*See id.*). In exchange for these services, the Hospital agreed to pay Plaintiff a monthly service fee for the services, or a percentage of its cash collection. (*Id.*).

---

[1] The facts stated herein come from the Amended Complaint (Doc. No. 40).

Because the Houston Contracts were not excluded from the transaction, Plaintiff continued performing and/or was willing to perform under the contracts. From January 2023 until at least February 2024, the Shamrock Defendants continued to receive the benefit of some of Plaintiff's services. (*See id.* ¶ 59). However, the Hospital failed to pay Plaintiff's invoices for goods and services prior to the asset purchase or invoices for services rendered after the asset purchase. (*See id.* ¶¶ 39-40). Further, the Shamrock Defendants then prevented Plaintiff from performing and/or fully performing other services agreed upon in the Houston Contracts. (*See id.* ¶ 44). Although Defendants Braden Health, LLC and Braden Health, Inc. were not listed parties to the transaction, Plaintiff alleges facts that Braden Health, LLC is an alter ego of Braden Health, Inc. and/or Shamrock. (*See id.* ¶¶ 45-49).

Plaintiff brings the present lawsuit against Defendants for breach of contract (Count I) for failing to perform under the various Houston Contracts, or in the alternative for unjust enrichment (Count II) and quantum meruit (Count III).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

2

## ANALYSIS

Through the pending motion, Defendants seek dismissal of each of Plaintiff's claims against them. Plaintiff's breach of contract claim boils down to whether its contracts were excluded when Shamrock purchased assets/liabilities from Houston City in 2022. Plaintiff alleges in the Amended Complaint that Defendants assumed the contract at issue because the contracts were not listed as excluded contracts. Section 1.2(f) of the APA identifies as excluded contracts those listed in Schedule 1.2(f). (Doc. No. 40-7 at 10-11). The APA did not have a Schedule 1.2(f).

Defendants argue that a different schedule should be construed as excluding Plaintif's contract: Schedule 1.3(1). But the APA does not reference Schedule 1.3(1) in the provisions that address excluded contracts, nor is there any explanation as this juncture why Plaintiff's contract should be excluded are that the plain language of Section 1.2 of the APA does not do so directly or through reference to a schedule. Accepting as true Plaintiff's allegations, Defendants' motion to dismiss Count I is **DENIED**.

Similarly, Plaintiff plead facts that, accepted as true, set forth a basis for piercing the corporate veil concerning the Braden Defendants. Having reviewed the Amended Complaint, Plaintiff has alleged sufficient facts to state claims for unjust enrichment and quantum meruit as alternative claims for Count I. Accordingly, the motion is also **DENIED** as to Count II and III.

## CONCLUSION

For the reasons stated herein, the pending motion to dismiss (Doc. No. 51) is **DENIED.**

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3